**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| KHALED FARDJALLAH, | : | |
| | : | |
| | : | C.A. No.: N23C-05-001 JJC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTIANA HOSPITAL, | : | |
| DR. SHAH MARIA, AND | : | |
| DR. SCHUH MICHAEL, | : | |
| | : | |
| Defendants. | : | |

Submitted: March 18, 2026
Decided:    March 18, 2026

## ORDER

On this 18th day of March 2026, having considered Plaintiff Khaled Fardjallah's motion for reconsideration of the Court's summary judgment decision, Mr. Fardjallah's additional filings requesting other relief, and the Defendants' response opposing his motion and requests, it appears that:

1.    The Court granted Defendants Maria Shah, Michael Schuh, and Christiana Hospital's motions for summary judgment in this healthcare negligence case.[1]  Mr. Fardjallah moved for reconsideration of that decision, which the Court considers to be a motion for reargument under Superior Court Civil Rule 59.  He contemporaneously filed several additional demands from the Court.  Mr. Fardjallah then prematurely filed an appeal with the Delaware Supreme Court, however, before the Court addressed his filings.  When doing so, he divested the Superior Court of

---

[1] *Fardjallah v. Christiana Hospital, et al.*, 2025 WL 2721184, at *5  (Del. Super. Sept. 24, 2025).

jurisdiction over his case. Thereafter, the Supreme Court dismissed his filing as an improper interlocutory appeal.[2] As a result, the Court now addresses his motion for reargument and additional requests for relief.[3]

2. Although his motion for reargument raises no new matters, he highlights new issues in additional written demands from the Court. They include a demand that the Court provide him a medical expert witness to support his case, at Court expense. He also requests that the Court preserve court filings and records in the matter. Finally, he requests that the Court order the Defendants to preserve all evidence relevant to his case pending his anticipated appeal.

3. Turning first to his pending motion for reargument, Superior Court Civil Rule 59(e) requires that the Court examine whether it overlooked controlling precedent or legal principles or misapprehended the law or facts in a way that would have changed the underlying decision.[4] The mechanism does not permit a party to rehash arguments already addressed by the Court.[5]

4. Here, the record, when viewed in the light most favorable to Mr. Fardjallah as the nonmovant, included no expert evidence to support his claims in an upcoming trial. As the Court explained in its decision, he failed to meet his burden on summary judgment because his expert disclosures did not satisfy several requirements set by 18 *Del. C.* § 6853(e).[6] For instance, his single medical expert wrote in his report that he would refuse to testify for him at deposition or trial.[7] Furthermore, the expert's opinions were insufficient to meet his burden even if he

---

[2] *Fardjallah v. Christiana Hospital, et al.*, ---A.3d---, 2026 WL 589970, at *1 (Del. March 2, 2026) (ORDER).

[3] This decision was largely complete before Mr. Fardjallah filed his appeal. There is no reason to delay its issuance now. For his benefit, this constitutes the Superior Court's final decision on this matter which is now subject to appeal.

[4] *Sekcienski v. Manley*, 2024 WL 2185697, at *1 (Del. Super. May 15, 2024).

[5] *Id.* at *1.

[6] *Fardjallah*, 2025 WL 2721184, at *4-5.

[7] *Id.* at *4.

would have agreed to testify at trial. Namely, Mr. Fardjallah's expert report and disclosures (1) did not address the elements of his claims to *any* degree of certainty or probability, (2) did not identify what potential defendants were allegedly negligent, and (3) exculpated the defendants in significant part.[8] Mr. Fardjallah advances no basis to support reconsideration of the decision.

5. Nor can the Court grant Mr. Fardjallah's request that the Court appoint him an expert. First, his request was untimely because it came after the Court granted summary judgment. Second, the Court could not have accommodated the request even if Mr. Fardjallah had made his demand sooner. The statutory burden fell on Mr. Fardjallah, as the plaintiff, to procure and present expert testimony to meet his burdens of proof and persuasion.[9] The Court cannot relax his substantive obligation to present expert testimony to support his claims because he is a self-represented litigant. The Court must maintain neutrality, and it would be improper to retain an expert to assist him in meeting his burden at trial.

6. In addition, the Court denies his request to issue an order to preserve records and Court filings – the preservation of all Court filings occurs in normal course. Namely, the Superior Court's civil efiling system is accessible statewide and the New Castle County Prothonotary's office has coordinated and preserved all filings in his case. Those documents will remain available to him in the future should he elect to file an appeal. There need be no separate order requiring the Prothonotary to do so.

---

[8] *Id.*; *see* 18 *Del. C.* § 6853(e) (providing the expert medical testimony requirements necessary to support certain substantive elements for a health care negligence case in Delaware).

[9] 18 *Del. C.* § 6853(e); *see Vick v. Khan*, 2019 WL 2177114, at *6 (Del. Super. May 17, 2019) ("The Delaware Medical Malpractice Act requires that, in the absence of several exceptions that are inapplicable to this case, a plaintiff's claim for medical malpractice must be supported by expert medical testimony.") (citations omitted).

7.     Finally, Mr. Fardjallah asks the Court to explain why the undersigned judge has presided over his case rather than a previously assigned Superior Court judge who sits in New Castle County.  The President Judge of the Superior Court issued an order specially assigning the undersigned to preside over this case.[10]  The Superior Court is a statewide court, and its judges have statewide jurisdiction over matters, regardless of county.  Such assignments are routine.  While his case remains a New Castle County matter, any judge of this Court had authority to preside over the matter.

8.     In summary, Mr. Fardjallah's motion for reargument raises no issues that the Court had not previously addressed.  Furthermore, his additional requests for relief are either unavailable as a matter of law or are already provided for in the Superior Court's record management system.

**WHEREFORE**, Mr. Fardjallah's motion for reargument and supplemental requests are **DENIED** for the reasons stated above.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*

---

[10] D.I. 41.  Before Mr. Fardjallah filed his appeal to the Supreme Court, the Court recognized that the special assignment order from the former President Judge had not been efiled and did not appear in the docket. After receipt of the mandate, the undersigned directed the New Castle County Prothonotary to efile the special assignment letter, dated February 24, 2025.  Of note, Mr. Fardjallah began actively participating in his case immediately after the reassignment and has suffered no prejudice as a result of this delayed entry.